# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| PERRY LEE HENDERSON, | : | |
| Petitioner, | : | |
| | : | NO. 5:08-CV-245 (CAR) |
| VS. | : | |
| DENNIS BROWN, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION TO DENY RELIEF

Before the court is Perry Lee Henderson's 28 U.S.C. §2254 petition seeking habeas corpus relief. In this petition, Henderson alleges ineffective assistance of appellate counsel and a failure to receive a full and fair hearing in the state courts. Doc. 1. For the reasons that follow, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

## PROCEDURAL HISTORY

On June 24, 2004, following a trial by jury in Monroe County, Georgia, Petitioner was convicted for the offenses of aggravated battery and simple assault. State of Georgia v. Perry Lee Henderson, Case No. 2004- CR-29, Monroe County Superior Court. He was sentenced to twenty years confinement for aggravated battery and twelve months confinement for simple assault to be served concurrently.

After filing a preliminary motion for new trial, Petitioner's trial counsel Robert Goldberg withdrew from the case and was replaced by Attorney Leo Kight. Attorney Kight amended the motion for new trial by enumerating two claims of ineffective assistance of trial counsel. Following a hearing, Petitioner's conviction and sentence for simple assault was merged with the aggravated battery count leaving Petitioner with a single conviction and twenty year sentence for aggravated battery.

On direct appeal, Petitioner, through Attorney Kight, raised two allegations of ineffective trial counsel in that counsel informed the trial court during sentencing of Petitioner's prejudicial prior convictions and failed to object to the state's improper use of Petitioner's prior convictions as character rebuttal evidence during sentencing. Petitioner's conviction and sentence were affirmed. Henderson v. State, 277 Ga. App. 546, 627 S.E.2d 148 (2006).

Petitioner next filed a *pro se* habeas corpus petition in the state court alleging seven grounds of ineffective assistance of appellate counsel. In ground one, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the trial judge abused his discretion by allowing a detective to remain in the courtroom even though the rule of sequestration had been invoked. In ground two, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the trial judge abused his discretion by allowing an EMT to testify as an expert witness. In ground three, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the trial judge abused his discretion by limiting trial counsel's closing arguments. In ground four, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the trial judge abused his discretion by not considering sentencing him as a first offender. In ground five, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that trial counsel was ineffective for allowing witnesses to testify at trial who were not listed on the witness list. In ground six, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that trial counsel was ineffective at the charge conference. In ground seven, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the evidence was insufficient to support the conviction.

Following an evidentiary hearing at which Petitioner's then former appellate counsel Leo Kight testified, the state habeas court denied relief.[1] The Supreme Court of Georgia denied

---

[1] Petitioner withdrew ground five during the course of this evidentiary hearing.

Petitioner's subsequently-filed application for a certificate of probable cause to appeal. Petitioner then filed the instant habeas petition alleging two grounds for relief. In ground one, Petitioner restated the same allegations of ineffective assistance of appellate counsel raised in his state habeas petition. In ground two, he contended that he was not afforded a full and fair hearing in the state courts.

## STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for purposes of considering the instant petition, the facts as found by the Georgia Court of Appeals on direct appeal of Petitioner's criminal case are adopted by this court. These facts are as follows:

> [A]fter B. H. [the victim] informed Henderson that he had to move out of her apartment, she became fearful of Henderson and went into hiding, staying with a cousin. When she returned to her apartment a few days later accompanied by her cousin to retrieve a personal item, B. H. encountered Henderson, who persuaded her to come inside to talk. Once inside, Henderson struck her in the face with his fist, hitting her repeatedly. He then stomped, pounded and jumped on her. When she tried to get away, Henderson picked her up and threw her bodily out the door onto the sidewalk. By this time, B. H.'s cousin had exited her car and saw Henderson throwing B. H. out the door. As Henderson fled the scene, he told the cousin, "she got just what she deserved." B. H. sustained a broken nose, fractured skull, and dislocated shoulder.

Henderson v. State, 627 S.E.2d at 150-151.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim

would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the record in this case, and in light of the fact statement set forth above, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this Court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. "Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application"of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

DISCUSSION

Ground One

As indicated above, in ground one of his federal petition, Petitioner enumerated the same six claims of ineffective assistance of appellate counsel raised in his state habeas corpus petition. The state court conducted a hearing on Petitioner's state petition, at which Petitioner's appellate counsel testified about his decisions and strategy in pursuing Petitioner's appeal. In its decision, the state court applied the the appropriate test to be used when analyzing claims of ineffective assistance of counsel, as set forth by the United States Supreme Court in the case of Strickland v. Washington, 466 U.S. 668 (1984). According to Strickland, in order to demonstrate ineffective assistance of counsel, a petitioner must establish: 1) that counsel's performance was deficient, falling "below an objective standard of reasonableness"; and 2) that counsel's deficient performance prejudiced the defense, in that there is a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. Id.

The state court correctly considered the particular strategic decisions that appellate counsel must make, in winnowing weaker arguments from stronger arguments. Relying on the Supreme Court's opinion in Smith v. Robbins, 528 U.S. 259, 288 (2000), the court observed that effective appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."

The evidence produced at the hearing and found in the record case provided an adequate basis for the state court to determine that appellate counsel's performance was constitutionally adequate. As to each claim, the state court's decision was consistent with clearly established federal law and was based on a reasonable determination of the facts in light of the evidence presented in the state court proceedings.

**Claim 1**

Petitioner's first claim under ground one of the instant petition alleges that his appellate counsel was ineffective because he failed to raise on appeal an argument that the trial judge abused his discretion by allowing a police detective to remain in the courtroom throughout the proceedings despite the fact that the rule of sequestration had been invoked. Upon review of this claim, the state habeas court correctly observed that the detective was a prosecuting witness and, pursuant to state law, was exempt from the rule of sequestration. Accordingly, the state habeas court concluded that appellate counsel's decision not to raise this issue on appeal was not deficient.

**Claim 2**

Petitioner's second claim of ineffective assistance of appellate counsel concerns his failure to raise on appeal an argument that the trial judge abused his discretion by allowing an Emergency Medical Technician (EMT) to testify as an expert witness about the victim's injuries. In its review of this claim, the state habeas court found that Attorney Kight reviewed the trial transcript and (in view of the EMT's testimony about his extensive experience with the sorts of injuries suffered by the victim in this case) reasonably concluded that a sufficient foundation was laid to support the trial judge's decision to allow the EMT to testify as an expert. On this basis, the state habeas court found that Attorney Kight's decision not to raise the issue on appeal was not deficient.

**Claim 3**

In his third claim under ground one, Petitioner argues that appellate counsel was ineffective because he failed to raise on appeal an argument that the trial judge abused his discretion by failing to consider sentencing him as a first offender. In response, the state habeas court correctly noted that the decision to sentence a convicted defendant as a first offender falls entirely within the trial judge's discretion. Consequently, and after noting Attorney Kight's assertion that he saw no basis

for appeal on this issue, the state habeas court found that his decision not to raise the issue on appeal was not deficient.

**Claim 4**

Petitioner's fourth claim is that his appellate counsel was ineffective because he failed to raise on appeal an argument that trial counsel was ineffective at the charge conference. More specifically, Petitioner takes issue with his appellate counsel's failure to raise the issue that trial counsel was ineffective in that he was unsuccessful in persuading the trial judge to include an explanation of the justification defense in the jury charge. Upon review of this claim, the state habeas court noted that Petitioner's trial counsel requested a justification charge that was properly denied by the trial judge due to a lack of supporting evidence. Petitioner's justification defense was based on his contention that the victim tore up some of his clothes. As the state habeas court observed in the hearing, tearing up clothes is not a justification for an aggravated assault. Accordingly, and after noting Attorney Kight's statement that he perceived no error in the trial judge's decision, the state habeas court concluded that his decision not to raise the issue was not deficient.

**Claim 5**

The fifth claim of ineffective assistance of appellate counsel raised by Petitioner involves an assertion that his appellate counsel erroneously failed to raise on appeal an argument that the trial judge abused his discretion by limiting trial counsel's closing arguments related to the state's failure to call certain witnesses. After noting that the only portions of the closing arguments that were transcribed were counsel's objections, the state habeas court accepted Attorney Kight's declaration that had he found the issue meritorious, he would have raised it on appeal. Upon this assertion, the state habeas court concluded that Attorney Kight's decision not to raise the issue was not deficient.

**Claim 6**

Finally, in his sixth claim of ineffective assistance of appellate counsel, Petitioner states that his appellate counsel was ineffective because he failed to raise on appeal an argument that the evidence was insufficient to support the conviction. In determining that this claim should also fail, the state habeas court credited Attorney Kight's statement that, in view of the testimony of the victim, an eyewitness, and an EMT, he felt that there was sufficient evidence to support the conviction and, as such, saw no basis for raising this issue on appeal.

**Conclusion on Ground One**

As the state habeas court identified the correct legal standard for considering allegations of ineffective assistance of counsel, the only remaining questions are whether or not the state court properly applied the standard and whether the resulting decision relied upon an unreasonable determination of the facts in light of the evidence. A review of the record reveals that, after properly applying the Strickland standard, the state habeas court reasonably concluded that Petitioner failed to establish that his appellate counsel's performance was deficient. The state habeas court's decision is entitled to deference. Accordingly, the Petitioner's claims of ineffective assistance of appellate counsel must fail.

Ground Two

In ground two of his federal petition, Petitioner Brown complains that he was deprived of a full and fair hearing on the merits of his ineffective assistance of appellate counsel claims. It is not entirely clear that such a claim is even cognizable in the context of a petition brought pursuant to 28 U.S.C. §2254. See Quince v. Crosby 360 F.3d 1259, 1261-62 (11th Cir. 2004). (claim that goes to issues unrelated to the cause of petitioner's detention does not state a basis for habeas relief;

alleged errors in the state post-conviction review process are not addressable through habeas corpus proceedings). It is clear, however, that Petitioner was provided with a full and fair hearing by the state habeas court. This is demonstrated by those portions of the record showing that the state habeas court convened an evidentiary hearing at which Petitioner was given the opportunity to testify, present evidence, and call and cross examine witnesses including his former appellate counsel.

CONCLUSION

Because the Petitioner has failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was: 1) unreasonable in light of the evidence; or 2) contrary to or the result an unreasonable application of clearly established federal law as determined by the United States Supreme Court, **IT IS RECOMMENDED** that his petition be **DENIED.**

In addition, and pursuant to the requirements of § 2254 Rule 11(b), it does not appear to that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of April, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge