# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

PERRY LEE HENDERSON,      :
                           :

        Petitioner,       :

                           :      **CASE NO.    5:08-CV-245 (CAR)**

v.                         :

                           :

DENNIS BROWN,         :

                           :

        Respondent.     :

_____

## ORDER ON RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 15] that the instant petition for federal habeas corpus relief be **DENIED**.   Petitioner filed a timely Objection [Doc. 16] to the Recommendation, and upon the Order of the United States Magistrate Judge, a Response to the Objection [Doc. 18] was also filed.  Petitioner then filed an additional Response in Opposition [Doc. 19].  Pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered the Recommendation, Petitioner's Objection, the Response, and Petitioner's Response in Opposition and has made a *de novo* determination of the portions of the Recommendation to which Plaintiff objects. After careful consideration, the Court accepts and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge.

## DISCUSSION

This action arises from Petitioner's June 2004 conviction for the offenses of aggravated battery and simple assault, State v. Henderson, Case No. 2004- CR-29, Monroe County Superior Court.  Petitioner was sentenced to twenty years confinement for aggravated battery and twelve

months confinement for simple assault to be served concurrently. Thereafter, Petitioner's trial counsel, Robert Goldberg, filed a motion for new trial and withdrew from the case. He was replaced by Attorney Leo Kight. Attorney Kight amended the motion for new trial by enumerating two claims of ineffective assistance of trial counsel. Following a hearing, Petitioner's conviction and sentence for simple assault was merged with the aggravated battery count leaving Petitioner with a single conviction and twenty year sentence for aggravated battery.

On direct appeal, Petitioner, through Attorney Kight, raised two allegations of ineffective trial counsel based on the facts that counsel informed the trial court during sentencing of Petitioner's prejudicial prior convictions and failed to object to the state's improper use of Petitioner's prior convictions as character rebuttal evidence during sentencing. Petitioner's conviction and sentence were subsequently affirmed. Henderson v. State, 277 Ga. App. 546, 627 S.E.2d 148 (2006).

Petitioner then filed a *pro se* habeas corpus petition in the state court alleging seven grounds of ineffective assistance of appellate counsel: In ground one, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the trial judge abused his discretion by allowing a detective to remain in the courtroom even though the rule of sequestration had been invoked. In ground two, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the trial judge abused his discretion by allowing an EMT to testify as an expert witness. In ground three, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the trial judge abused his discretion by limiting trial counsel's closing arguments. In ground four, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the trial judge abused his discretion by not considering sentencing him as a first offender. In ground five, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that trial counsel was ineffective for allowing witnesses to testify at trial

who were not listed on the witness list. In ground six, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that trial counsel was ineffective at the charge conference by allowing the State's Request to Charge No.1 (regarding the kidnaping element of asportation) and not allowing Petitioner to testify so that the trial judge could have been allowed to charge the jury on the Petitioner's affirmative defense of justification. In ground seven, Petitioner contended that his appellate counsel was ineffective for failing to raise on appeal that the evidence was insufficient to support the conviction.

Following an evidentiary hearing, the state habeas court denied relief. The Supreme Court of Georgia likewise denied Petitioner's application for a certificate of probable cause to appeal. Petitioner then filed the present Petition alleging two grounds for relief: In ground one, Petitioner essentially restates the same allegations of ineffective assistance of counsel raised in his state petition. In ground two, he contends that he was not afforded a full and fair hearing in state court.

After full consideration of the issues raised in the present petition, the United States Magistrate Judge found that the state habeas court correctly applied the Strickland standard and reasonably concluded that Petitioner failed to establish deficient performance by his appellate counsel. The Magistrate Judge likewise found that the state habeas court provided Petitioner with a full and fair hearing. Because Petitioner failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was: 1) unreasonable in light of the evidence; or 2) contrary to or the result an unreasonable application of clearly established federal law as determined by the United States Supreme Court, it was recommended that this Petition be denied.

Petitioner has now raised various objections to the Recommendation of the United States Magistrate Judge. Petitioner first objects to the Court's adoption of the facts as found by the Georgia Court of Appeals. Section 2254(e)(1) of Title 28 of the United States Code provides that

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Petitioner failed to sufficiently rebut this presumption of correctness by clear and convincing evidence. This Court thus finds no error in the Magistrate Judge's adoption of the facts as found by the Georgia Court of Appeals.

Petitioner next contends that the Magistrate Judge erred by not holding an evidentiary hearing on his Petition. Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the record, and in light of the facts a found by the Georgia Court of Appeals, this Court agrees with the United States Magistrate Judge that no hearing was warranted in this case and finds Petitioner's objection to have no merit.

Finally, Petitioner objects to the Magistrate Judge's ultimate conclusion that the state habeas court correctly applied the Strickland standard and reasonably concluded that Petitioner failed to establish deficient performance by his appellate counsel. Having considered the Magistrate Judge's conclusions as to each claim *de novo*, this Court agrees with the Magistrate Judge's findings and application of law, and thus finds no error. The Court likewise agrees with the Magistrate Judge's

conclusion that Petitioner was provided with a full and fair hearing by the state habeas court, which (as the Magistrate Judge pointed out) is demonstrated by those portions of the record showing that the state habeas court convened an evidentiary hearing at which Petitioner was given the opportunity to testify, present evidence, and call and cross examine witnesses – including his former counsel.

In his Objection, however, Petitioner does correctly observe that the Recommendation fails to address a claim raised in his brief. Therein, Petitioner asserts that his state habeas petition included a claim based on trial counsel's failure to object to a jury charge giving the entire statutory definition of aggravated battery, including alternative definitions of the crime not charged in the indictment. While Respondent did err in failing to address to Petitioner's argument when it was raised before the Magistrate Judge,[1] the claim, nonetheless, fails. As Respondent shows, this claim is procedurally defaulted because it was not raised in Petitioner's state habeas corpus petition. See Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

According to Petitioner, "ground 6" of his state habeas petition claimed that his appellate counsel was ineffective at the charge conference and "included in [that] was the fact that trial counsel . . . submitted a request to charge on the entire statutory definition of aggravated battery, and the trial court charged the jury on the entire statutory definition without a limiting instruction, limiting the jury's consideration to the manner charged or alleged in the [I]ndictment." (Objection at p.3). This is true, in part. Petitioner's state habeas corpus petition claimed that his appellate counsel was ineffective during the charge conference. However, according to the state petition, this claim was based on appellate counsel's failure to raise the issue that trial counsel provided

---

[1] Respondent acknowledges that the claim was raised in Petitioner's brief in support of the Petition but explains that it did not address the argument because the allegations were not contained in the Petition. In the future, such arguments should not simply be ignored; rather, Respondent shall properly respond to all of a petitioner's arguments, and if a claim in the brief is not adequately alleged in the petition, Respondent shall argue this point.

ineffective assistance by (1) allowing the State's Request to Charge No. 1 (regarding the kidnaping element of asportation) and (2) not allowing Petitioner to testify so that the trial judge could have been allowed to charge the jury on the Petitioner's affirmative defense of justification. Petitioner did not raise any issue regarding the aggravated battery charge in his state habeas petition. (See Application for Writ of Habeas Corpus [Doc. 9, Ex.1, p. 7]).

Petitioner does not now contend that he raised this issue in his state petition. Rather, he claims to have raised the issue "in the [h]abeas court," assumably in his brief and when he questioned his former appellate counsel about this decision during the state evidentiary hearing (See Hearing Transcript p. 49 [Doc. 9, Ex.2]). This, however, was not necessarily sufficient to alert the state court that Petitioner was alleging an ineffective assistance of appellate counsel claim based on the aggravated battery charge when Petitioner had not included any reference to this claim in his petition. Petitioner never sought leave to amend his state petition to include this factual allegation, and there is likewise no indication that the state habeas court either construed Petitioner's statements during the hearing or in his brief as a motion to amend the petition or otherwise granted leave to amend. Compare e.g., Wood v. Allen, 465 F. Supp.2d 1211 (M.D. Ala. 2006) (claim was not raised in state court, notwithstanding single mention of amending the petition to include additional grounds, where state court did not construe the statement as a motion or grant leave to amend).

Under Georgia law, a state habeas petition must "clearly set forth the respects in which the petitioner's rights were violated" and "all grounds for relief claimed by a petitioner shall be raised in his original or amended petition." Murrell v. Young, 285 Ga. 182, 183, 674 S.E.2d 890 (2009); O.C.G.A. § 9-14-51; see also O.C.G.A. § 9-14-44 ("A petition brought under this article shall . . . clearly set forth the respects in which the petitioner's rights were violated[] and state with specificity which claims were raised at trial or on direct appeal."). "Any grounds not so raised are waived . .

. " except in limited circumstances. O.C.G.A. § 9-14-51.  Based on this, the Court finds that the state habeas court would have considered a claim based on the aggravated battery charge to be procedurally defaulted under O.C.G.A. § 9-14-51 had Petitioner attempted to raise it in a second state habeas corpus petition.

Likewise, claims not included in the state habeas petition should not be considered when raised in a federal habeas petition unless there is some indication that a state court judge would find that the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition."  Chambers, 150 F.3d at 1327; O.C.G.A. § 9-14-51.  Petitioner has offered no reason why the claim in question could not reasonably have been raised in his original or an amended state habeas petition. See id.  The claim thus cannot be considered here. See id.

Accordingly, after careful consideration, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge and finds Petitioner's Objections to be without merit and the new grounds raised therein to be procedurally defaulted. The Recommendation of the United States Magistrate Judge is, therefore, **ADOPTED** and **MADE THE ORDER OF THE COURT**.  The Petition for Writ of Habeas Corpus is **DENIED**.

**SO ORDERED**, this 29th day of July, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr